This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40610**

**IN THE MATTER OF THE ESTATE OF
FORREST BURKE FENN, Deceased,
JAMIE MCCRACKEN,**

      Petitioner-Appellant,

v.

**ZOE FENN OLD, Personal Representative,**

      Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Court Judge**

Jamie McCracken
Albuquerque, NM

Pro Se Appellant

April, Dolan, Hickey & Koehler, P.C.
John M. Hickey
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Petitioner, a self-represented litigant, appeals from the district court's order dismissing his petition for allowance of claim with prejudice. We issued a calendar notice proposing to affirm. Petitioner has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Issue a: In his memorandum in opposition, Petitioner continues to assert that the district court erred when it denied his discovery request for financial records from the Estate of Forrest Fenn [MIO 2-4], which we proposed to affirm on the grounds that Petitioner had not demonstrated how the financial records were relevant to either of his claims for fraud or breach of unilateral contract [CN 4-5]. Although Petitioner has attempted to correct some of the deficiencies outlined in our notice by asserting that the evidence "would help prove that [Petitioner] was the one true finder[]" and that Forrest Fenn had acquired property "to be as close as possible to [Petitioner] and to observe his attempt to find the Fenn treasure[,]" we remain unpersuaded. [MIO 3-4] Petitioner does not demonstrate how the records could support any element of his claims in this lawsuit: claims asserting fraud and breach of unilateral contract. A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{3}** Issue b: Petitioner continues to maintain that the district court deleted a docket call without warning and altered agreed-upon dates by setting the trial earlier than requested. [MIO 5-6] In our calendar notice, we suggested that Petitioner had not preserved this argument for our review. [CN 5-6] In response, Petitioner again asserts that he "did not complain further as he intended to come for the [d]ocket call to request another week before trial" but because the docket call was deleted he did not have that opportunity. [MIO 5] Petitioner adds that "it was not practical to file a motion for continuance as there was half an hour between the deleted docket call and the start of trial[.]" [MIO 6] Petitioner, however, has not pointed us to anything in the record demonstrating that this issue was brought to the attention of the district court or otherwise preserved for our review. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). Rather, Respondent continues to concede that he did not raise this issue in district court. In addition, Petitioner has not shown that he lacked an opportunity to raise this issue before the district court. As such, Respondent has not provided any new facts, law, or argument to persuade us that our proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24. We therefore refer him to our analysis therein.

**{4}** Issue c: Petitioner continues to assert that the district court erred when it determined that he had engaged in malicious abuse of process by broadly challenging the sufficiency of the evidence. [MIO 7] In support of this assertion, Petitioner again contends that he "had more than enough evidence to show probable cause for filing his claim" and adds that "opposing counsel attempted to twist his last minute settlement attempt or his prior attempts to encourage settlement as some kind of extortion." [MIO 7] In our calendar notice, we suggested that Petitioner did not demonstrate the facts on which the district court relied in making its determination that Petitioner committed

malicious abuse of process or how those facts were improperly applied to the law. [CN 7] Although Petitioner has provided a detailed account of his evidence in an attempt to show that he had probable cause for filing his claim, he has not provided any new facts regarding the basis for the district court's ruling nor has he cited any authority that demonstrates that the district court misapplied the law when it determined that he had engaged in malicious abuse of process. [MIO 8-21] Because Petitioner has failed to demonstrate that the district court erred, we are unpersuaded that our notice of proposed disposition was erroneous with respect to the district court's ruling on the malicious abuse of process claim. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24.

{5}     Issue d: Petitioner also continues to challenge the district court's findings of fact and conclusions of law. [MIO 21-24] Petitioner again has not made any specific challenge to the district court's findings of fact or conclusions of law, but rather makes a general assertion that the district court improperly relied on falsified evidence that was presented at trial, such that opposing counsel "was awarded an unjust and fraudulent judgment against [Petitioner]." [MIO 21] "We will not search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse*, 2009-NMCA-003, ¶ 72. Furthermore, although Petitioner has provided more facts regarding the evidence presented at trial, specifically facts regarding "falsified affidavits" and other allegedly false statements made to the district court, he is ultimately asking us to reweigh the evidence, which we will not do. *See Clark v. Clark*, 2014-NMCA-030, ¶ 26, 320 P.3d 991 ("We will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." (alteration, internal quotation marks, and citation omitted)). We defer to the fact-finder, here the district court judge presiding over the bench trial, to weigh the facts, resolve any conflicts in the evidence, and to determine the credibility of the witnesses. *See Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that, when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses").

{6}     For the reasons stated in this Court's notice of proposed disposition and herein, we affirm.

{7}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**GERALD E. BACA, Judge**